UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zulphakar Ali,<br><br>Plaintiff,<br>-v-<br><br>Charter Communications Holding Company, LLC, and Amerit Fleet Solutions Inc,<br><br>Defendants. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Zulphakar Ali ("Plaintiff," or "Ali"), by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants, Charter Communications Holding Company, LLC and Amerit Fleet Solutions Inc (collectively "Defendants") respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff is also entitled to recover all of his unpaid wages under Article 6 of the New York Labor Law including Section 191, and compensation for not receiving notices and statements

required by NYLL 195, and is also entitled to maximum liquidated damages, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

7. Plaintiff Zulphakar Ali ("Plaintiff" or "Ali") is an adult, over eighteen years old, who currently resides in Queens County in the State of New York.

8. Upon information and belief, and at all times relevant herein, Defendant Charter Communications Holding Company, LLC ("Charter") was a for-profit limited liability company.

9. Upon information and belief, and at all times relevant herein, Defendant Amerit Fleet Solutions Inc, ("AFS") was a business corporation.

10. At all times relevant herein, Defendants controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions, and performed such functions as to Plaintiff.

11. At all times relevant herein, Plaintiff was employed individually and/or jointly, by

Defendants.

## STATEMENT OF FACTS

12. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of providing installation and maintenance of cable and related services using a large fleet of specially equipped vehicles which were maintained by Plaintiff.

13. Upon information and belief and at all times relevant herein, Defendants, individually and/or jointly, employed hundreds of employees.

14. At all times relevant herein, from in or around March 2014 to on or about October 10, 2019 (the "Work Period"), Plaintiff was hired to work for Defendants as a technician and was paid at a rate of approximately $25.00 - $28.50 an hour.

15. Plaintiff was recruited to work at Defendant Charter's depot located at 109-15 14th Avenue College Point, NY 11356, by Grand Turismo Auto Tech & Collision and commenced employment in or around March 2014 after Plaintiff was screened and approved for hire by Defendant Charter and was issued an identification badge with the name Defendant Charter (Charter Communications) on it.

16. During the Work Period, Defendant Charter had hiring and firing authority as to Plaintiff. In fact, Plaintiff was terminated from his job at Defendant Charter's depot following an investigation by Charter of another employee of Defendant Charter.

17. From in or around March 2014 to in or around December 2018, payment of Plaintiff's wages was routed through Grand Turismo Auto Tech & Collision, and from December 2018 to the end of his employment on or about October 10, 2019 through Defendant AFS. From in or around December 2018, Defendant Ameri Fleet Solutions Inc. became a successor in interest as to Plaintiff's employment with Defendants.

18. The functions performed by Grand Turismo Auto Tech & Collision and Defendant Ameri Fleet Solutions Inc. shifted from one to the other without any material changes in Plaintiff's employment with Defendant Charter and at Charter's depot – Plaintiff continued doing the same work under Charter's supervision.

19. During the Work Period, Plaintiff was almost exclusively supervised by Defendant Charter – during this period, Plaintiff worked exclusively at Charter's depot throughout the Work Period.

20. During the Work Period, Defendant Charter directed and instructed Plaintiff as to what work to do and how to do such work – Plaintiff worked at Charter's depot with Charter's personnel.

21. During the Work Period, Defendant Charter dictated Plaintiff's work schedule and work hours- based on work requirements at Charter's depot.

22. At all times relevant herein, Plaintiff's repair and maintenance work was integral to Defendant Charter's business.

23. The circumstances of Plaintiff's termination by Defendants and other aspects of his employment, are still under review and investigation and Plaintiff may assert termination claims against Defendants at a later time.

24. At all times relevant herein, plaintiff worked about 57-70 hours each week for Defendants, 5-6 days a week and sometime more, throughout the work period and the period of his employment with defendants.

25. From in or around March 2014 when Plaintiff's employment with Defendants began to in or around December 2018, Plaintiff was not paid *any* wages for his overtime hours (weekly work hours over 40 in a week), by Defendants even though Plaintiff worked about 57 hours each week, 5-6 days a week for Defendants.

26. From in or about December 2018 to the end of his employment with Defendants on or about October 10, 2019, Plaintiff was paid for only some of his overtime hours by Defendants, even though Plaintiff worked about 60-70 hours each week during this period for Defendants - Defendant had a policy and practice of deducting 30 minutes from Plaintiff for lunch/meal breaks each day. However, due to the demands and nature of the job, Plaintiff did not receive a bona fide meal break within the meaning of the FLSA and NYLL. As a result, Plaintiff is

owed overtime wages for at least 2.5 hours per week during this period.

27. Upon information and belief and at all times relevant herein, Plaintiff was not paid for all hours worked, including his overtime hours (hours over 40 a week) and Plaintiff was not paid all wages for all hours worked in each week, throughout his employment with defendants.

28. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. *Accurate* copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

29. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

30. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the statements provided to Plaintiff did not contain all hours worked by Plaintiff nor all rates of pay including Plaintiff correct regular and overtime rates of pay, among other deficiencies.

31. Upon information and belief and at all times relevant herein, Defendants, individually, and/or jointly had annual revenues and/or expenditures in excess of $500,000.

32. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

34. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce. Both Defendants operated within

as well as outside the State of New York.

35. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

36. At all times applicable herein and upon information and belief, Defendants conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

37. Defendants as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

38. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

39. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

40. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state overtime rights and failed to inform plaintiff that he could seek enforcement of such rights through the government enforcement agencies.

41. "Plaintiff" as used in this complaint refers to the named Plaintiff.

42. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

43. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 42

above as if set forth fully and at length herein.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

45. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants individually and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

46. At all times relevant herein, Defendants individually and/or jointly, transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

47. At all times relevant herein, Defendants individually and/or jointly, failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

**Relief Demanded**

48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR A SECOND CAUSE OF ACTION**
**NYLL 650 et Seq. and 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime)**

49. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 47 above as if set forth fully and at length herein.

50. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the

regulations thereunder including 12 NYCRR § 142, 12 NYCRR § 141-1.4.

51. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

52. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4.

**Relief Demanded**

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

54. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 53 above with the same force and effect as if fully set forth at length herein.

55. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

56. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

57. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus

attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

58. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

59. Plaintiff is also entitled to all benefits, rights, compensation and wages, that he would have been entitled to as an employee of Defendants, including Defendant Charter – in addition to the other relief demanded herein.

## **Relief Demanded**

60. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendants, his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, wage deductions, benefits, rights, compensation and wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

61. Declare that Defendants were individually and/or jointly, the employers of Plaintiff during the Work Period and that Plaintiff is entitled to all benefits, rights, compensation, and wages that he would have been entitled to as an employee of Defendants, including Defendant Charter, and award Plaintiff all such benefit, rights, compensation and wages – in addition to the other relief demanded herein.

62. Declare Defendants (including their overtime and wage payment policy and practice), to be

in violation of the rights of Plaintiff, under the FLSA and New York Labor Law.

63. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

64. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

65. As to the **Third Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime wages, overtime wages, wage deductions, benefits, rights, compensation and wages, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

66. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

67. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York**
      **December 30, 2019**

Respectfully submitted,

Abdul Hassan Law Group, PLLC
/s/ Abdul Hassan _____
By: Abdul K. Hassan, Esq. (AH6510) - *Counsel for Plaintiff*

10


215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 Fax: 718-740-2000
Email: abdul@abdulhassan.com