# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427
~~~~~

**Abdul K. Hassan, Esq.** Tel: 718-740-1000
Email: abdul@abdulhassan.com Fax: 718-740-2000
***Employment and Labor Lawyer*** Web: www.abdulhassan.com


**March 12, 2020**

**Via ECF**

Hon. Roslynn R. Mauskopf, Chief USDJ
United States District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
Tel: 718-613-2210

**Re: Ali v. Charter Communications Holding Company, LLC et al**
**Case No. 19-CV-07268 (RRM)(RER)**
**Response to Motion for Pre-Motion Conference**

Dear Chief Judge Mauskopf:

My firm represents plaintiff Zulphakar Ali ("Plaintiff"), in the above-referenced action, and I respectfully write in response to the request of Defendant Amerit Fleet Solutions Inc ("Defendant" or "Amerit Fleet"), for a pre-motion conference in anticipation of its motion to compel arbitration. (ECF No. 17). We leave the decision on a pre-motion conference to the Court's discretion – as explained below, the case should first be referred to mediation.

The first step in any motion to compel arbitration is for the moving party to establish a meeting of the minds – that the parties actually agreed to arbitrate. While in most cases it is not clear what standard courts and parties are applying, as the Second Circuit has explained, the proper standard is the summary judgment standard and Plaintiff intends to hold Defendant to that standard. See i.e. *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016). In other words, Defendant must prove the existence of a valid arbitration agreement and that it is otherwise entitled to arbitrate, and it must also establish the absence of any genuine dispute of material fact – a very tough standard and precisely why very few motions for summary judgment are granted at the pre-answer stage of the proceedings. Here, Defendant cannot establish under the applicable standard that there was the required meeting of the minds. Notably, an arbitration agreement is not just an agreement to change forum, it is also the waiver of the precious constitutional right to a jury trial, which triggers a heighten standard as is the case with the waiver of other constitutional rights. See *God's Battalion of Prayer Pentecostal Church, Inc. v. Miele Associates, LLP*, 6 N.Y.3d 371, 374, 812 N.Y.S.2d 435, 437, 845 N.E.2d 1265, 1267 (2006) ("A party to an
~~~~~

agreement may not be compelled to arbitrate its dispute with another unless the evidence establishes the parties' 'clear, explicit and unequivocal' agreement to arbitrate.."); *Nat'l Equip. Rental, Ltd. v. Hendrix*, 565 F.2d 255, 258 (2d Cir. 1977) ("It is elementary that the Seventh Amendment right to a jury is fundamental and that its protection can only be relinquished knowingly and intentionally. Indeed, a presumption exists against its waiver.).

Here, we do not have a traditional agreement that is signed in ink by both parties. Instead, we have a purported electronic agreement without an actual signature by Plaintiff. Significantly, Defendant has seriously failed to put forth the required evidence to carry its burden that Plaintiff agreed to arbitrate or even saw the purported agreement. Notably, this case does not involve the traditional offer and acceptance of employment - Plaintiff was already working at his job when Amerit Fleet took over the contract and Plaintiff's employment with both Defendants continued uninterrupted. Any additional information required by Amerit Fleet was obtained by Plaintiff's supervisor and provided to Amerit Fleet. We litigated a similar case where it appeared that the company itself and not plaintiff completed the electronic process – leading the court to conclude that there was an issue of fact for a jury trial. See *Gomez v. Winn Management Group LLC*, Case No. 18-CV-8559, ECF No. 21 (SDNY - June 3, 2019). The situation for Defendant here in even worse because it does not appear that Defendant can put forth sufficient, competent and admissible evidence to meet its initial burden of proof – purported electronic agreements without actual signatures require a fact-intensive examination of the contract process and a lot of electronic evidence to establish formation. In fact, Plaintiff's counsel has been unable to communicate with Plaintiff by email/internet and has had to resort to other means. At minimum, this is an issue of fact that would require a jury trial under the FAA at 9 USC § 4.

Second, as the Supreme Court in *New Prime Inc. v. Oliveira*, 139 S. Ct. 532 (2019), reminded lower courts, those parts of the FAA which weigh against arbitration are just as important as those parts that weigh in favor of arbitration. See i.e. *New Prime Inc.*139 S. Ct. at 535 (2019)('Courts, however, are not free to pave over bumpy statutory texts in the name of more expeditiously advancing a policy goal. Rather, the Court should respect "the limits up to which Congress was prepared" to go when adopting the Arbitration Act.'). In this regard, Defendant moves to compel arbitration under the FAA which does not apply because Defendant cannot prove beyond genuine dispute "that [Plaintiff] while performing his duties under the employment contract was working 'in' commerce, was producing goods for commerce, or *was engaging in activity that affected commerce." Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 276–77 (1995)(citing *Bernhardt v. Polygraphic Co. of America, Inc.*, 350 U.S. 198 (1956)). Here, Defendant's letter appears to confirm that Plaintiff performed his work locally in College Point, NY. As such, this Court lacks authority to grant Defendant's motion to compel arbitration. *New Prime Inc. v. Oliveira,* 139 S. Ct. 532, 537–38, 202 L. Ed. 2d 536 (2019)("The parties' private agreement may be crystal clear and require arbitration of every question under the sun, but that does not necessarily mean the Act authorizes a court to stay litigation and send the parties to an arbitral forum."). At minimum, there is an issue of fact that would require a jury trial on this issue under the FAA at 9 USC § 4.

Third, arbitration cannot be compelled in this case because the other Defendant is not a party to the purported arbitration agreement and is not seeking to compel arbitration.

Fourth, even if there was a meeting of the minds (there was not), the purported

arbitration agreement implicates an issue that is gaining more attention lately and one which the appellate courts have not explicitly addressed. See *Waters v. Churchill,* 511 U.S. 661, 678 (1994)("cases cannot be read as foreclosing an argument that they never dealt with."). In this regard, the purported agreement contains an explicit but extreme provision that Plaintiff will lose or will be denied employment if he does not waive his statutory rights under the FLSA and NYLL to file his claim in Court. (See i.e. Purported Agreement, pg. 1 ¶ 3, "To be clear, expressing a desire to opt out of the Agreement will disqualify the employee from working for the Company."). This provision in essence requires the employee to waive substantive anti-retaliation rights under the FLSA at 29 USC § 215(3), and NYLL § 215 – something that employees are not permitted to do under the FLSA and NYLL. In other words, this type of provision, which is the foundation of the purported arbitration agreement, would allow an employer to retaliate in the form of an adverse employment action such as termination, if an employee engages in protected activity such as refusing to waive his statutory right to bring his wage case in court or exercises his statutory right to bring his wage case in court. Significantly, NYLL § 215 as relatively recently amended, protects good faith conduct even where there is no actual violation or illegality. This type of provision would also violate the NYSLRA § 703. Because of the problem identified here, the growing trend is for arbitration agreements to include an opt out provision without adverse consequences such as termination. Moreover, one cannot escape the thought that a reasonable jury can also easily conclude that forcing an employee to choose between losing one's job/livelihood and an arbitration agreement is not really a free and voluntary choice.

In light of the above and to conserve the resources of the Court and the parties, this Court should refer the case to the Court's mediation program before any motion practice. See i.e. *Goode v. Dave Sanders & Co., Inc. et al,* Case No.18-CV-04225 (Judge Block – EDNY, June 5, 2019)("Motions are stayed while the parties pursue mediation. The case is referred to mediation. If mediation is not successful the parties may pursue their motion without another pre-motion conference."); *Mekulovic v. Maxwell-Kates, Inc. et al*, 19-cv-02436 (Judge Irizarry - August 30, 2019)("request for a premotion conference and for leave to file a motion to dismiss is DENIED... the parties are directed to complete mediation and earnestly work towards a resolution of this matter.").

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

_/s/ Abdul Hassan_______________
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc: Defense Counsel via ECF**